UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDY MARTIN, on behalf of                CIVIL ACTION
her minor children, RONALD MARTIN,
III and DAMON MARTIN

VERSUS                                     NO. 14-508

BOH BROTHERS CONSTRUCTION                  SECTION: "B"(3)
CO., L.L.C., ET. AL.

ORDER AND REASONS

Nature of Motion and Relief Sought

Before the Court are Plaintiff's Motion to Remand (Rec. Doc. No. 18) and Motion to Consolidate (Rec. Doc. No. 7). Defendants have filed an Opposition to the Motion to Remand (Rec. Doc. No. 19). Defendants have filed a Reply to the Motion to Consolidate. (Rec. Doc. No. 20-2).

**IT IS ORDERED** that the Motion to **REMAND** is **GRANTED** and the Motion to **CONSOLIDATE** is **DISMISSED** as **MOOT.**[1]

I. Procedural History and Facts of the Case

This case arrives on its second removal to this Court from the Orleans Parish Civil District Court. It arises from a workplace accident in which Ronald Martin received a violent blow to his head and neck when cutting a concrete pipe with a STIHL TS-400 "cut-off machine" and while working for Boh Brothers Construction Co., LLC ("Boh Brothers"). (Rec. Doc. No. 4). Rhonda Danos, as curatix for Ronald Martin, initiated a civil suit in state court in March of

---

[1] We are grateful for the work on this case by Lauren Michel a Tulane Law School Extern with our Chambers.

2010, asserting claims against STIHL Incorporated, et. al. ("STIHL"), the manufacturer of the cut-off machine, and Boh Brothers, Martin's employer. *Id.* Brandy Martin, on behalf of her minor children, Ronald Martin, III and Damon Martin ("Brandy Martin, et. al.") filed a similar petition in April of 2010. (Rec. Doc. No. 19).

Defendants removed both cases to this Court, where they were ultimately consolidated (Rec. Doc. No. 18-1, 19). The cases both named Boh Brothers (Louisiana citizen) and STIHL (Virginia citizen) as defendants, and the amount in controversy exceeded $75,000.(Rec. Doc. No. 19). The Plaintiffs demanded remand. *Id.* STIHL argued that diversity existed because Boh Brothers was fraudulently joined. *Id.* STIHL argued that Boh Brothers, as Ronald Martin's employer, was immune from tort suit under the Louisiana Worker's Compensation Act. STIHL further contended that the intentional tort exception La.Rev.Stat.An. § 23:1032(B) (1995) that was being alleged by the Plaintiffs did not apply in this matter, citing Louisiana case law. *Id.* The actions by Danos and Brandy et. al. were initially assigned to this section and consolidated. (Case 14-505, Rec. Doc. No. 13).

This Court disagreed that Boh Brothers was fraudulently joined and  remanded the cases to Orleans Parish Civil District Court on October 12, 2010. (Rec. Doc. No. 18-1, 19). In that decision, this Court emphasized that "since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder,

not the merits of the Plaintiff's case." (Case No. 10-1469, Rec. Doc. No. 36 at 2 & 5)(quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). The consolidated cases proceeded in state court for nearly four years until the Louisiana Supreme Court granted Boh Brother's Motion for Summary Judgment based on the grounds that it enjoyed tort immunity under the Louisiana Worker's Compensation scheme and that the intentional tort exception did not apply. (Case No. 10-1469, Rec. Doc. No. 36).

Defendants filed separate notices of removal on March 6, 2014 for Rhonda Danos and Brandy Martin, et. al. asserting that complete diversity now existed. *Id.* On March 7, 2014, Defendants filed a Notice of Related Cases associated with the Brandy Martin, et. al. case, claiming the subject matter comprised all or a material part of the subject matter or operative facts involved in the pending Danos case. (Rec. Doc. No. 4). The case was then transferred on March 12, 2014 to this section. *Id.*

On March 13, 2014, a "Motion to Remand on Behalf of All Plaintiffs" was filed under Civil Action 2:14-cv-00505, the case number assigned to the action by Rhonda Danos. (Rec. Doc. No. 6-1). This Motion to Remand purported to operate for both Rhonda Danos and Brandy Martin, et. al. *Id.* Brandy Martin, et. al. filed a Motion to Consolidate on April 9, 2014. (Rec. Doc. No. 7).

In response to the March, 2013 Motion to Remand, an order was issued by this Court on July 31, 2014 properly remanding Rhonda

3

Danos's case for lack of subject matter jurisdiction. (Case No. 14-505, Rec. Doc. No. 6-1). This Court made it clear that STIHL was incorrect when it contends that the one-year time-limit for removal does not apply because the case was removable on the face of the original pleadings. *Id.* The Louisiana Supreme Court granted summary judgment on the merits, not on the basis of fraudulent joinder. *Id.* The Louisiana Supreme Court decision has no bearing on the prior holding of this Court that the case was not removable on the face of the pleading in 2010, and this second removal is untimely for being far beyond one year of commencement of suit. (Case No. 10-1469, Rec. Doc. No. 13). At the time of this Court's decision remanding the Danos case, there was no motion to remand pending before the Court in the Brandy Martin, et. al. action. On August 1, 2014, Brandy Martin, et. al. filed the Motion to Remand that is being addressed at this time. (Rec. Doc. No. 18).

II. <u>Law & Analysis</u>

The issues raised are three-fold: 1) whether the original Motion to Remand (Case No. 14-505, Rec. Doc. No. 6-1) applied to both cases; 2) whether the Motion to Consolidate (Rec. Doc. No. 7) can operate to effect a remand in this case; and 3) whether the second Motion to Remand (Rec. Doc. No. 18) is effective.

A. <u>Original Motion to Remand</u>

The original Motion to Remand on Behalf of All Plaintiffs was deficient. (Rec. Doc. No. 6-1). The case name was *Rhonda Danos, as*

*curatrix of Ronald Matin, Jr. v. STIHL Incorporated. Id.* There is no mention of Brandy Martin, et. al. *Id.* The civil action number was docketed properly as 14:505, the docket number for the Danos case. Under Local Civil Rule 10.2 of the United States District Court for the Eastern District of Louisiana, all subsequent pleadings and findings must list the name and docket number for the case with the lowest docket number; however, no motion for consolidation had been filed at the time, and the cases were not consolidated at the time of removal from Civil District Court. *Id.* This appears to have been an error on the part of the attorneys in this case not to file separate motions to remand.

The Plaintiff further asks the Court to correct the Plaintiff's error of not filing a motion to remand in their case under a Federal Rule of Civil Procedure 60(a) correction. Federal Rule of Civil Procedure 60(a) (2012) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Though it is true that mistakes by the parties can be corrected by Rule 60(a), this type of error is not the type of error that is contemplated by Rule 60(a). *In re West Texas Marketing Corp*, 12 F. 3d 497, 503-04 (5th Cir. 1994). Rule 60(a) "is only [meant for] mindless and mechanistic mistakes, minor

shifting of facts, and no new additional legal perambulations" *Id.* at 505. It is not for situations where "planetary excursions into the facts [are] required" to determine the intentions of the parties. *Id.* In the instant case, it was not a "mindless and mechanistic mistake" to not file a timely motion to remand, especially when a motion for consolidation was later filed. Further, Rule 60(a) would not apply here because the Motion to Remand was filed under the correct civil action number, 14-505, and not under 14-508 for Brandy Martin, et. al. Rule 60(a) does not apply in this case. The Court finds that the original Motion to Remand does not apply to the action by Brandy Martin, et. al.

B. <u>Motion to Consolidate</u>

Section 1446 establishes certain procedural requirements for removal of civil actions. Section 1446(b) sets forth timeliness requirements. At all times relevant to the instant motion, 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action. Fed. R. Civ. P. 1446(b) (2010).[2]

As the Fifth Circuit has explained, the requirement that a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of an action only applies to cases that were not removable on the face of the initial pleadings. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000)("the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable").

The Motion to Consolidate by Brandy Martin et. al. was not filed until April 9, 2014, three days outside of the thirty day time frame that is required by 28 U.S.C. 1446(b), and twenty-six days after the original Motion to Remand was filed in the Danos case.[3] Plaintiff cites *Sherrod v. American Airlines*, *Inc.* to illustrate that the United States Fifth Circuit Court of Appeals

---

[2] Congress amended 28 U.S.C. § 1446 in 2011 with the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See* PL 112-63, December 7, 2011, 125 Stat 758. Those changes are inapplicable here, however, as they apply only to an "action that is removed from a state court to a United States district court and that had been commenced, within the meaning of State law, on or after [January 6, 2012]." *Id.* at 764-65 (2011).

[3] Separate Notice of Removal filed on March 6, 2014 (Rec. Doc. No. 1).

has ruled that clerical docket number errors can be remedied and filings rendered timely. 132 F. 3d 1112 (1998). The distinguishing feature in *Sherrod* is that there was only one plaintiff. In the instant case, there are multiple plaintiffs whose actions were not yet consolidated in this Court. Further, the fact that the Motion to Consolidate was filed after the Motion to Remand on Behalf of All Plaintiffs evidences that the Plaintiffs did not consider their cases consolidated. Finally, the Danos case has already been remanded to Civil District Court, thus Brandy Martin, et. al. cannot be consolidated with the Danos case in this Court. Thus, this Court finds that the Motion to Consolidate is moot and cannot effect a remand.

C. <u>Second Motion to Remand</u>

A defendant may remove a civil action if the federal district court would have had original jurisdiction over the case unless a federal statute provides otherwise. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir.2013). In reviewing motions to remand, the Court is guided by the fact that federal courts are courts of limited jurisdiction and should strictly construe a removal statute in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

8

In the case at hand, Plaintiff, Brandy Martin, et. al. argues that the second removal is (1) barred by 28 U.S.C. § 1132(d)'s prohibition of review of remand orders, and (2) untimely under section 1446(b) for being over one year after commencement of the suit. (Rec. Doc. No. 18).[4]

Fifth Circuit in *Baris v. Sulpicio Lines, Inc.* held that "'as amended 1447(c) requires that motions for remand must be made within 30 days of removal, *except in cases in which the court lacks subject matter jurisdiction*'". 932 F.2d 1540, 1545-46 (5th Cir. 1991). As is discussed above in the procedural history, based on this Court's prior decision in the Danos case, this Court lacks subject matter jurisdiction. (Case No. 10-1469, Rec. Doc. No. 13). Defendants contend that the Louisiana Supreme Court's grant of summary judgment to Boh Brothers confirms that there is diversity, but this Court disagrees. (Rec. Doc. No. 19). "This contention entails the serious error of conflating the analysis for fraudulent joinder with that for the merits of a claim...'the focus of the [fraudulent joinder] inquiry must be on the *joinder*, not the *merits* of the Plaintiff's case.'" (Case No. 14-505, Rec. Doc. No. 13)(emphasis added).

The Louisiana Supreme Court holding was based on the merits

---

[4] Separate Notices of Removal filed March 6, 2014 (Case No. 14-505, Rec. Doc. No. 1); Notice of Related cases filed March 7, 2014 (Case No. 14-508, Rec. Doc. No. 4); Motion to Remand on Behalf of all Plaintiffs filed March 13, 2014 (Case No. 14-505, Rec. Doc. No. 6-1).

and does not disturb or contradict a finding that there is not fraudulent joinder here. (Case No. 14-505, Rec. Doc. No. 13). In remanding the Danos case, this Court stated, "the case was not removable on the face of the pleading in 2010, [1446(b)] one-year time limit therefore applies to this case, and this second removal is untimely for being far beyond one year of the commencement of the suit." (Case No. 14-505, Rec. Doc. No. 13). The same would apply to the instant case.

Title 28 U.S.C. § 1332 which provides that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." Here, the remaining Defendant, Boh Brothers is a citizen of Louisiana and is thus non-diverse from the plaintiffs. Because of the existence of a non-diverse defendant there is a lack of subject matter jurisdiction. A challenge to subject matter jurisdiction is non-waivable and may be challenged *at any time*. *Baris*, 932 F.2d at 1546. Due to the limited jurisdiction of this Court as set forth in Section 1332, remand would be appropriate and necessary in this case.

Accordingly, **IT IS ORDERED** that this matter be **REMANDED** for lack of subject matter jurisdiction. **IT IS FURTHER ORDERED** that the Motion to Consolidate be **DISMISSED** as **MOOT.**

New Orleans, Louisiana, this 28th day of October, 2014

UNITED STATES DISTRICT JUDGE